ROBERT A. ZINK
Acting Chief
WILLIAM E. JOHNSTON
DANNY NGUYEN
Trial Attorneys
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20530
(202) 514-0687 (Johnston)
(202) 353-0183 (Nguyen)

NICHOLAS A. TRUTANICH
United States Attorney
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
District of Nevada
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUNZO SUZUKI, and <br> PAUL SUZUKI, <br><br> Defendants. | 2:15-cr-00198-GMN-NJK <br><br> **STIPULATION AND PROTECTIVE ORDER** |

The United States of America, through Robert Zink, Acting Chief of the Criminal Division's Fraud Section, William E. Johnston and Danny Nguyen, Trial Attorneys, Nicholas A. Trutanich, United States Attorney, and Richard Anthony Lopez, Assistant United States Attorney,

1

counsel for the United States, and defendants Junzo SUZUKI, and Paul SUZUKI, by and through their undersigned counsel, respectfully move for the entry of a Protective Order governing discovery in this matter in accord with the following Stipulation.

**STIPULATION**

Whereas, the parties recognize that various federal and state laws and regulations extend protections and limitations regarding the use, disclosure or publication of information associated with the privacy and identity of an individual, including, but not limited to, social security number, date of birth, address, telephone number, driver's license number, financial information, banking information, and tax information, which is hereinafter collectively referred to as "Protected Personal Information" ("PPI").

Whereas, the parties recognize that discovery in the above-captioned case is likely to be voluminous and may include documents and other evidence containing PPI of the defendants and/or third parties.

Whereas, the parties desire to provide for the timely and expeditious exchange of discovery while simultaneous guarding against the inappropriate use, disclosure, or publication of any PPI associated with any party or third party.

Whereas, in light of the above, the parties have conferred on this matter and have reached agreement on the exchange and handling of PPI.

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties, as follows:

1. Documents containing PPI will be referred to as "Protected Documents."

2. The government may produce Protected Documents to the defendant in discovery without redacting PPI.

3. Access to Protected Documents produced by the government will be restricted to the defendants, attorneys for the defendants, and any agents, contractors, or employees acting on behalf of the defendants and/or their attorneys in connection with the above-captioned matter (hereinafter referred to collectively as "Authorized Person(s)").

4. Attorneys for the defendants will ensure that all Authorized Persons receive a copy of this Stipulation and are familiar with its terms and conditions.

5. Unless otherwise Ordered by the Court, an Authorized Person shall not:

   a. grant or permit access to Protected Documents by any non-Authorized Person.

   b. allow or permit any non-Authorized Person to read, review, or reproduce any Protected Document.

   c. distribute any Protected Document, by any means, to any non-Authorized Person.

   d. use or disclose Protected Documents, and any PPI contained therein, for any purpose other than in connection with the defense of the above-captioned matter.

   e. use or disclose a Protected Document in connection with any pleadings or proceedings in the above-captioned matter without first redacting any PPI, unless the PPI is directly relevant to the matter at issue.

   f. use or disclose PPI in connection with any pleadings or proceedings in the above-captioned matter, unless the PPI is directly relevant to the matter at issue.

6. Upon conclusion of the above-captioned matter, each defendant's attorney shall return any and all copies of Protected Documents to the attorneys for the United States, or provide them with written certification that the Protected Documents have been destroyed.

3

7. Nothing in the agreement shall be deemed an admission of the evidentiary admissibility or inadmissibility of any Protected Document in any subsequent proceeding.

WHEREFORE, the undersigned respectfully request that the Court accept and enter this Stipulation as the Protective Order governing discovery in this case.

Respectfully submitted,

ROBERT ZINK
Acting Chief, Fraud Section, Criminal Division
United States Department of Justice

/s/ William Johnston                                                5/17/19
WILLIAM JOHNSTON                                              Date
DANNY NGUYEN
Trial Attorneys
Criminal Division, Fraud Section

NICHOLAS TRUTANICH
United States Attorney
District of Nevada

/s/ Richard Anthony Lopez                                      5/17/19
RICHARD ANTHONY LOPEZ                                    Date
Assistant United States Attorney
District of Nevada

/s/ Richard Wright                                                         5/17/19
RICHARD A. WRIGHT                                              Date
Counsel for Defendants
JUNZO SUZUKI and
PAUL SUZUKI

IT IS SO ORDERED.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

DATED: May 20, 2019