UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>JUNZO SUZUKI AND PAUL SUZUKI,<br><br>        Defendants. | Case No. 2:15-cr-00198-GMN-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket No. 450] |

This matter was referred to the undersigned Magistrate Judge on Defendants Junzo Suzuki and Paul Suzuki's motion to dismiss counts 1-15 of the superseding indictment and forfeiture allegations 1 and 2. Docket No. 450. The Court has considered Defendants' motion, the United States' response, and Defendants' reply. Docket Nos. 450, 454, 459.

**I.  BACKGROUND**

On March 24, 2021, a federal grand jury sitting in Las Vegas, Nevada issued a superseding indictment, charging Defendants with seven counts of mail fraud, in violation of 18 U.S.C. § 1341, and eight counts of wire fraud, in violation of 18 U.S.C. § 1343. Docket No. 420. The superseding indictment also contains two forfeiture allegations which pertain to proceeds and profits obtained through the commission of the charged violations pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). *Id.*

. . . .

Defendants submit that the indictment is constitutionally deficient because it "omit[s] the required element of 'intent to cheat'" for the challenged Counts. Docket No. 450 at 3. Defendants base their arguments on recent Ninth Circuit precedent defining the "intent to defraud" element required in both mail fraud and wire fraud convictions as the "intent to defraud and cheat" rather than the "intent to defraud or cheat." *Id.* at 2-3. *See United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020) (finding inadequate jury instructions for the intent to defraud element of a wire fraud jury charge because the language used said the element could be satisfied by a finding of an intent to defraud or cheat rather than a finding of an intent to defraud and cheat). Defendants allege that the indictment fails to include a criminal intent element at all, which would be considered a fundamental defect requiring dismissal. Docket No. 450 at 8. Defendants therefore ask the Court to dismiss the superseding indictment. *Id.* at 9.

In response, the United States challenges the applicability of the *Miller* decision to the pleading requirements for an indictment, as opposed to jury instructions. Docket No. 454 at 2. The United States submits that, if *Miller* is applicable to what it is required to lay out in the indictment, there is ample language included in the entirety of the indictment to put Defendants on notice that the government would have to prove both an intent to deceive and an intent to cheat at trial. *Id.* at 8. Rather, the United States submits that Defendants are really attempting to challenge the sufficiency of the evidence supporting the superseding indictment, which is not properly resolved in a pretrial motion but rather at trial. *Id.* at 8-9.

**II.    ANALYSIS**

Pursuant to Federal Rule of Criminal Procedure 12(b), "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. Federal Rule of Criminal Procedure 12(b)(3)(B)(v) permits a defendant to move to dismiss an indictment

on the ground that the indictment "fail[s] to state an offense." In determining a motion to dismiss an indictment, the Court may not look beyond "the four corners of the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (citing *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), cert. denied, 460 U.S. 1086 (1983)).

In considering a motion to dismiss an indictment, a court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged. The indictment either states an offense or it does not. There is no reason to conduct an evidentiary hearing." *Boren*, 278 F.3d at 914. A defendant moving to dismiss an indictment bears the burden of demonstrating a factual basis for the motion to dismiss. *See United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003); *United States v. Lazaevich*, 147 F.3d 1061, 1065 (9th Cir. 1998).

An indictment is "sufficient if: (1) it contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend; and (2) it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002) (citing *Hamling v. United States*, 418 U.S. 87 (1974)); *see also Russell v. United States*, 369 U.S. 749, 763-64 (1962); Fed. R. Crim. P. 7(c). An indictment is generally sufficient if it sets forth the offense in the words of the statute itself if "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offenses intended to be punished." *Hamling*, 418 U.S. at 117.

An indictment will withstand a motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that

3

he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (quoting *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988)). "The Supreme Court has held that it is acceptable for an indictment to set forth the offense in the language of the statute itself provided that the language clearly sets forth all the requisite elements of the offense without ambiguity." *Rosi*, 27 F.3d at 414 (quoting *Hamling*, 418 U.S. at 117). The sufficiency of an indictment is determined by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the government can prove its case." *Blinder*, 10 F.3d at 1471 (internal citations omitted). *See also United States v. Godinez-Rabadan*, 289 F.3d 630, 633 (9th Cir. 2002) (cert. denied, 537 U.S. 917 (2002)) ("the test of the sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards" (internal citations omitted)).

      Wire fraud has four main elements: the defendant must knowingly participate in a scheme to defraud or a scheme to obtain money or property by false representations or pretenses; the defendant must make statements or omit facts as part of the scheme that were material and would tend to influence a person to part with their money or property; the defendant must act with the intent to defraud, including the intent to deceive and cheat; and the defendant must use or cause to be used an interstate or foreign wire communication to carry out an essential part of the overall scheme. Ninth Circuit Model Criminal Jury Instruction No. 8.124 (2010) (last updated June 2021). The elements for mail fraud are the same except for the fourth element, which requires establishing that the defendant used the mail to carry out or attempt to carry out an essential part of the overall scheme. Ninth Circuit Model Criminal Jury Instruction No. 8.121 (2010) (last updated June 2021).

Defendants challenge only the adequacy of notice provided for the intent to defraud element; therefore, the Court limits its discussion to that element.

The intent to defraud element, required for both wire fraud and mail fraud was clarified recently by the Ninth Circuit in *Miller*, *supra*. Prior to *Miller*, the intent to defraud element had been defined in jury instructions as "the intent to deceive or cheat." *Miller*, 953 F.3d at 1102. In *Shaw v. United States*, the Supreme Court understood the intent to defraud element for bank fraud as requiring both a specific intent to deceive the bank and a specific intent to deprive the bank of something of value. 137 S.Ct. 462, 469 (2016). The Ninth Circuit, in light of the *Shaw* decision, changed its jury instruction definition of the element to conform to the "deceive and cheat" language used by the Supreme Court. *Miller*, 953 F.3d at 1102-1103 ("In light of *Shaw*, we therefore overrule our prior cases on this question and hold that wire fraud requires the intent to deceive *and* cheat – in other words, to deprive the victim of money or property by means of deception." (emphasis in original)).

The parties argue about whether the Ninth Circuit's decision in *Miller* affects what the government is required to include in its superseding indictment regarding the element of intent to defraud. Defendants argue strict adherence to the language in *Miller*. Docket No. 450 at 5-8. The United States argues that the *Miller* decision is solely applicable to jury charges and not to indictment pleading requirements. Docket No. 454 at 7-8. In the alternative, the United States argues that, if the *Miller* definition controls, it has properly provided notice for the intent to defraud element in the superseding indictment. *Id.* at 8.

Other courts have understood the *Miller* definition to apply to the intent to defraud element in indictments. *See e.g., United States v. Holmes*, 2020 WL 6047232 (N.D. Cal. Oct. 13, 2020) (relying on *Miller*'s definition in defining the intent to defraud element for wire fraud); *United*

*States v. Abouammo*, 2021 WL 718842 (N.D. Cal. Feb. 24, 2021) (same); *United States v. Walker*, 2021 U.S. Dist. LEXIS 171472 (D. Guam Sept. 1, 2021) (same); *United States v. Kail*, 2021 WL 3773613 (N.D. Cal. Aug. 25, 2021) (same). Other courts have similarly relied on the *Miller* definition to supply the essential elements for mail fraud and wire fraud. *See e.g., United States v. Babichenko*, 2021 U.S. Dist. LEXIS 108471, at *6 (D. Idaho June 9, 2021) ("To convict defendants of either wire fraud or mail fraud, the government must prove an intent to deceive and cheat." (citations omitted)); *United States v. Avery*, 2021 U.S. Dist. LEXIS 8808, at *3-7 (D. Alaska Jan. 13, 2021) (relying on the *Miller* definition to define bank fraud and wire fraud and discussing *Shaw*). The Ninth Circuit's most recently updated model jury instructions have conformed their definition of the intent to defraud element to *Miller*'s definition. For the purposes of this Court's analysis, the Court will use the intent to defraud element as defined in *Miller* for both wire fraud and mail fraud. Ninth Circuit Model Criminal Jury Instruction Nos. 8.121, 8.124 (2010) (last updated June 2021).

The Court finds that the superseding indictment fully alleges all the essential elements of both wire fraud and mail fraud. While the indictment does not specifically use the word "cheat," the indictment provides adequate pleading that the United States must prove that Defendants intended to "deprive the victim of money or property by means of deception," as set forth in *Miller* as the definition for the intent to defraud element. *See Miller*, 953 F.3d at 1103.

The superseding indictment provides that Defendants "did devise and intent to devise a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises . . . ." Docket No. 420 at 4, 6. The superseding indictment also includes factual allegations contextualizing this element, including that Defendants made intentional false representations to individuals for the purpose of misleading

6

them so that Defendants could obtain investments. *See id.* at 2-4. The Court finds that this language is sufficient to satisfy the *Miller* definition of the intent to defraud element.

Further, the language in the superseding indictment closely mirrors the statutory language for the intent to defraud element. *See* 18 U.S.C. § 1341 (mail fraud) ("Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . ."); 18 U.S.C. § 1343 (wire fraud) ("Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . ."). The indictment's language is virtually identical. Docket No. 420 at 4, 6. The language is accompanied by detailed factual allegations to explain the types of proof on which the United States will rely. *Id.* at 2-4.

The Court therefore finds that the language in the superseding indictment is sufficient to meet the minimal constitutional requirements. *See Hamling*, 418 U.S. at 117. The Court finds that the superseding indictment provides Defendants with constitutionally sufficient notice that the United States will have to prove that they intended to deceive and cheat the victims in order to obtain convictions for both the mail fraud and wire fraud charges.

### III.   CONCLUSION

Based on the foregoing and good cause appearing therefore, **IT IS RECOMMENDED** that Defendants' motion to dismiss the superseding indictment be **DENIED**.

DATED: September 21, 2021.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).